**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

ROBBIE ROBERTSON,                    )
                                     )
            Plaintiff,               )
                                     )
    v.                               )         No. 4:24-cv-00571-HEA
                                     )
TERI VANDERGRIFF, et al.,            )
                                     )
            Defendants.              )

<u>**OPINION, MEMORANDUM AND ORDER**</u>

This matter is before the Court on Plaintiff Robbie Robertson's Application to Proceed in District Court without Prepaying Fees or Costs. (ECF No. 2). Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss this action without prejudice.

**Initial Partial Filing Fee**

Under 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis must pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court will assess an initial partial filing fee equal to the greater of either: (1) 20 percent of the average monthly deposits in the prisoner's account for the six months immediately preceding the filing of the lawsuit, or (2) 20 percent of the average monthly balance in the prisoner's account over the same six-month period. 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner must make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court

each time the amount in the prisoner's account exceeds $10, until the prisoner has paid the fee in full. *Id*.

Plaintiff has not submitted an inmate account statement as required by 28 U.S.C. §1915(a)(2). Even so, the Court will require Plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (explaining that when a prisoner is unable to provide the court with a certified copy of his inmate account statement, the court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If Plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his inmate account statement to support that assertion.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-represented plaintiffs must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

### The Complaint

Plaintiff is an inmate at the Farmington Correctional Center in Farmington, Missouri. He brings this action under 42 U.S.C. § 1983 against Unknown Meyer (Correctional Officer), Unknown Aubuchon (Correctional Officer), and Teri Vandergriff (Warden). Plaintiff sues Defendants Meyer and Aubuchon in their official capacities. He does not specify a capacity for Defendant Vandergriff.

Plaintiff states that on June 29, 2023, "after being released from the hole, I realized my Ampd TV, Koss CL20 headphones, fleece jacket, my Bonnie and Clyde book and my blanket was not in my property." Plaintiff claims that Defendant Meyer packed his property and Defendant Aubuchon refused to help locate his items. He asserts that Defendant Vandergriff, as warden of the institution, is responsible for the conduct of all staff members. Plaintiff seeks compensation for his lost property in the amount of $300.00.

**Discussion**

As noted above, Plaintiff sues Defendants Meyer and Aubuchon in their official capacities. Plaintiff does not specify a capacity for Defendant Vandergriff. Accordingly, the Court must assume Plaintiff intended to sue Defendant Vandergriff in her official capacity only. *See Artis v. Francis Howell North Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1182 (8th Cir. 1998) ("If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity.").

An official-capacity claim against an individual is a claim "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Put another way, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). Here, Plaintiff asserts that Defendants work for the Farmington Correctional Center. Thus, to prevail on his claims, Plaintiff must establish the institution's liability for the alleged misconduct. *See Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). He cannot do so in this case for two reasons.

First, "[s]ection 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

Second, absent a waiver, the Eleventh Amendment protects the state and its arms or instrumentalities from suit in federal court. *Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018). This immunity bars any kind of relief, not merely monetary damages. *See Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (stating that district court erred in allowing plaintiff to proceed against state university for injunctive relief, and remanding matter to district

court for dismissal). Thus, the Farmington Correctional Center—as an arm of the State of Missouri—is entitled to immunity from suit under the Eleventh Amendment. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990) ("*Will* establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal court or state court.").

Even if Plaintiff had sued Defendants in their individual capacities, the complaint would still be subject to dismissal. The crux of Plaintiff's suit is that Defendants interfered with his right to possess his personal property. There is no cause of action under 42 U.S.C. § 1983 for unconstitutional taking of property where the state provides an adequate post-deprivation remedy. *See, e.g., Clark v. Kansas City Missouri Sch. Dist.*, 375 F.3d 698, 703 (8th Cir. 2004). Missouri provides the post-deprivation remedy of replevin for recovery of personal property. *Id.* Thus, even if Plaintiff had sued Defendants in their individual capacities, the complaint would fail to state a claim upon which relief could be granted.

### Conclusion

For the foregoing reasons, the Court will dismiss this action without prejudice under 28 U.S.C. § 1915(e)(2).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in the District Court without Prepaying Fees or Costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay an initial filing fee of $1.00 within **twenty-one (21) days** of the date of this Order. Plaintiff must make his remittance payable to "Clerk, United States District Court," and shall include upon it: (1) his name; (2) his prison

registration number; (3) the case number; and (4) a statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel (ECF No. 4) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this  15th day of  August, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE